IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL-EDWARD and TAMMIE-MARIE,<br><br>            Plaintiffs,<br><br>      v.<br><br>U.S. BANK NATIONAL ASSOCIATION N.A., et al.,<br><br>            Defendants. | No.  CV 08-1108-HU<br><br>FINDINGS AND RECOMMENDATION |

Michael-Edward
Tammie-Marie
P.O. Box 1804
Fairview, Oregon 97024
      Pro se

Janaya L. Carter
Routh Crabtree Olsen
3535 Factoria Boulevard SE, Suite 200
Bellevue, Washington 98006
      Attorney for defendants U.S. Bank, Routh Crabtree Olsen,
      P.C., Janaya Lee Carter and Teresa M. Shill

Christopher A. Gilmore
Senior Assistant County Counsel
155 N. First Avenue, Suite 340-MS 24
Hillsboro, Oregon 97124
      Attorney for defendant Rob Gordon

///

FINDINGS AND RECOMMENDATION Page 1

HUBEL, Magistrate Judge:

Plaintiffs Michael-Edward and Tammie-Marie bring this action *pro se* against U.S. Bank National Association (U.S. Bank); Routh Crabtree Olsen, P.C., a law firm (RCO); two attorneys associated with RCO, Janaya Lee Carter and Teresa M. Shill; Nancy Hochman; Thomas W. Kohl; Rob Gordon; Malia Wasson; and Jerry A. Grundhofer. The complaint is captioned "Libel in Review," "Counterclaim and Injunction in Admiralty." Attached to the complaint are documents from an action brought by U.S. Bank in the Circuit Court for Washington County, Oregon, Case No. CO8-1679EV, relating to the eviction of Michael E. Delaney and Tammie M. Delaney from the premises at 6732 Southwest Terri Court, Portland, Oregon 97225, see Complaint, Attachment Four A, pursuant to a trust deed foreclosure. Id. at Attachment Four B. Also attached to the complaint are two letters, each dated May 16, 2008, signed by Janaya Carter as attorney for U.S. Bank, addressed to Michael E. Delaney and Tammie M. Delaney, stating that the property at 6732 S.W. Terri Court, Portland, Oregon was sold at a trustee's foreclosure sale on May 6, 2008. The letters demand that Mr. and Ms. Delaney, and any other occupants, surrender possession and vacate the property immediately. Id.

The complaint alleges that Michael-Edward and Tammie-Marie make a "restricted appearance under Rule E(8) in the alternative, as a Matter of unconditional Right and Privilege to challenge alleged rights under maritime liens and notice of seizure" by the defendants. Complaint ¶ 1. The complaint alleges further that

FINDINGS AND RECOMMENDATION Page 2

plaintiffs "lawfully own and hold title to the private land and dwelling house, commonly known as 6732 Southwest Terri Court, in Portland, Oregon," id. at ¶ 2, and that U.S. Bank has invoked a state statutory foreclosure proceeding to "transfer title" from plaintiffs to U.S. Bank pursuant to the terms of a promissory note. Id. at ¶ 3.

Defendants U.S. Bank, RCO, Janaya Carter, Teresa Shill, and Rob Gordon move to dismiss the complaint on several grounds, including lack of subject matter jurisdiction, lack of personal jurisdiction, improper service of process, failure to state a claim, claim preclusion, and failure to comply with Rule 3 of the Federal Rules of Civil Procedure. Plaintiffs have filed no response to the motions.

I recommend that the action be dismissed for lack of subject matter jurisdiction. Although the complaint is 36 pages long, exclusive of attachments, the substance of the complaint relates to the eviction proceedings in the Circuit Court of the State of Oregon for Washington County for premises located in Washington County, Oregon.

**Standard**

Federal courts are courts of limited jurisdiction, whose power to adjudicate claims is limited to that granted by Congress. Unless a grant of jurisdiction over a particular case affirmatively appears, the court is presumed to lack jurisdiction. See, e.g., Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 376-78 (1994); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541

FINDINGS AND RECOMMENDATION Page 3

(1986)("federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto"). Subject matter jurisdiction is a threshold issue, in the absence of which the court cannot proceed to hear other issues. Blackburn v. United States, 100 F.3d 1426 (9th Cir. 1996).

## Discussion

Although the complaint designates this action as one brought as a libel in admiralty, it is apparent from the face of the complaint that no admiralty jurisdiction exists. The admiralty jurisdiction of the federal courts is governed by 28 U.S.C. § 1333, which provides:

> [T]he district courts shall have original jurisdiction, exclusive of the courts of the States, of: 1) any civil case of admiralty or maritime jurisdiction ... [and] 2) any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

Admiralty claims as such do not arise under the laws of the United States within the meaning of 28 U.S.C. § 1331, and therefore are not federal question cases. Romero v. Int'l Terminal Operating Co., 358 U.S. 354 (1959).

In determining the boundaries of admiralty jurisdiction, the court looks to the purpose of the Congressional grant. Exxon Corp. v. Central Gulf Lines, Inc., 500 U.S. 603, 608 (1991). The fundamental interest giving rise to maritime jurisdiction is the protection of maritime commerce. Id., quoting Sisson v. Ruby, 497 U.S. 358, 367 (1990) and Foremost Ins. Co. v. Richardson, 457 U.S. 668, 674 (1982). The court can find no allegations of a maritime

FINDINGS AND RECOMMENDATION Page 4

nature on the face of the complaint. I conclude, therefore, that admiralty jurisdiction does not exist over this case.

Nor does the complaint contain allegations supporting federal question jurisdiction. For a complaint to state a claim arising under federal law, it must be clear from the face of the complaint that there is a federal question involved in the case. <u>Duncan v. Stuetzel</u>, 76 F.3d 1480, 1485 (9th Cir. 1996).

Although the complaint contains references to procedural and substantive due process (¶ 1), the First, Fourth, Fifth, Sixth, Seventh, Ninth and Thirteenth Amendments to the Constitution (¶¶ 8, 33), a "federal land patent," (¶¶ 2, 3) the International Monetary Fund (¶ 8), the Internal Revenue Code (¶¶ 12, 22), "international and federal laws," (¶ 27), federal treason and conspiracy statutes (¶ 30), agents of a foreign principal (¶ 32), the Trading with the Enemy Act (¶ 34), and INTERPOL (¶¶ 15, 17, 18, 19), mere references to the Constitution or federal statutes in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim. <u>Easton v. Crossland Mortgage Corp.</u>, 114 F.3d 979, 982 (9th Cir. 1997)(per curiam). I conclude that federal question jurisdiction does not exist over this case, either under the literal language of the complaint or under a properly pleaded complaint. <u>Id.</u>

## Conclusion

I recommend that the motions to dismiss filed by defendants (doc. ## 4, 8, 10) be GRANTED on the ground that the court lacks subject matter jurisdiction.

FINDINGS AND RECOMMENDATION Page 5

**Scheduling Order**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due December 16, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due December 30, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

Dated this 1st day of  December , 2008.


                                        /s/ Dennis James Hubel       

                                        Dennis James Hubel
                                        United States Magistrate Judge

FINDINGS AND RECOMMENDATION Page 6